IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CHAPTER 11** |
| **FRANK B. FLANDERS, JR.,** | ) | |
| | ) | **CASE NO.  11-10364-WHD** |
| _____Debtor._____ | ) | |
| | ) | |
| **FRANK B. FLANDERS, JR.,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | **CONTESTED MATTER** |
| VS. | ) | |
| | ) | |
| **UNITED COMMUNITY BANK,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**FRANK B. FLANDERS, JR'S MOTION TO ENFORCE SETTLEMENT
AGREEMENT,  FOR ENTRY OF CONSENT ORDER AND REQUEST FOR EXPEDITED
HEARING**

COMES NOW Frank B. Flanders, Jr. ("Debtor"), by and through the undersigned counsel, and

hereby files this Motion to Enforce Settlement Agreement, for Entry of Consent Order and Request for

Expedited Hearing (the "Motion").  In support of the Motion, Debtor respectfully states as follows:

## I.      JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and

FRBP 9019.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.      INTRODUCTION AND BACKGROUND

3.      On February 1, 2011 (the "Petition Date"), Debtor filed a petition for relief under Chapter

11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code") in the United

States Bankruptcy Court for the Northern District of Georgia, Newnan Division ("Court"), case no. 11-10364 (the "Case").

4.      Debtor is an individual who resides at 448 Lee's Lake Road, Fayetteville, Georgia. Debtor receives income from the operation of residential and commercial real property.

5.      Debtor owns a commercial building with an address commonly known as Memorial Drive Phase III, 6200-6208, Stone Mountain, GA 30083 (the "Memorial III Property").

6.      United Community Bank ("UCB") holds a first priority security interest in the property pursuant to that deed to secure debt filed in the records of the Superior Court of DeKalb County in deed book 15612 page 420 on December 13, 2003, as amended, modified and assigned.

7.      On March 11, 2011, UCB filed a Motion for Relief from the Automatic Stay on the Memorial III Property setting the matter for hearing on March 25, 2011.

8.      On March 14, 2011, Debtor delivered a subpoena to UCB requesting "Any and all documents that evidence, reflect, refer, relate or pertain to any valuations or appraisals of property located at (a) Memorial Drive Phase III, 6200 - 6208, Stone Mountain GA 30083… including but not limited to, appraisal reports, drafts of appraisal reports, and tax assessments." A true and correct copy of the UCB Subpoena is attached hereto and incorporated by reference herein as Exhibit "A".

9.      On March 29, 2011, UCB responded to the subpoena and proposed the following documents regarding the Memorial III Property: (a) a November 5, 2003 appraisal valuing the Memorial III Property in the amount of $3,000,000.00 and (b) an October 8, 2010 appraisal valuing the Memorial III Property in the amount of $2,000,000.00. The response to the subpoena included no other documents relating to the Memorial III Property.

10.     In settlement of UCB's Motion for Relief from the Automatic Stay, Debtor and UCB agreed to a consent order stipulating to a credit for a specific value for the Memorial III property to preserve the amount and allowance of an unsecured deficiency claim so that UCB would not have to file a confirmation petition under applicable Georgia law. A true and correct copy of the April 6, 2011 email from Will Geer ("Geer"), attorney for UCB, to Cameron M. McCord ("McCord"), attorney for the

Debtor, confirming the understanding of the parties is attached hereto and incorporated by reference herein as Exhibit "B"

      11.      The agreement made on April 6, 2011 by UCB, by and through its attorneys, provided that the Debtor would receive a $2,000,000.00 credit for the surrender of the Memorial III Property. A true and correct copy of the April 6, 2011 email from Geer to McCord, is attached hereto and incorporated by reference herein as Exhibit "C"

      12.      On April 21, 2011 and April 25, 2011, UCB again confirmed that it would provide the Debtor with a $2,000,000.00 credit for the Memorial III Property. True and correct copies of the April 21, 2011 and April 25, 2011 emails from Geer to McCord are attached hereto and incorporated by reference herein as Exhibit "D".

      13.      On April 25, 2011, UCB provided Debtor with a proposed consent order (the "Consent Order") reflecting the agreement between the parties that the Debtor would surrender the Memorial III Property for a credit of $2,000,000.00. True and correct copies of the April 25, 2011 email and proposed consent order are attached hereto and incorporated by reference herein as Exhibit "E".

      14.      On April 28, 2011, Debtor confirmed that the order was acceptable. A true and correct copy of the email from McCord to Geer is attached hereto and incorporated by reference herein as Exhibit "F".

      15.      Subsequent to the final agreement between the parties as to the terms of the Consent Order, on May 2, 2011, Ron Bingham, attorney for UCB, emailed McCord an internal document[1] from UCB which lowers the value of the Memorial III Property from $2,000,000.00 to $1,300,000.00. Pursuant to this email, Bingham requested that McCord change the terms of the agreement and stipulate to a value of $1,300,000.00 for the surrender of the Memorial III Property. A true and correct copy of the May 2, 2011 email and the internal document from Ron Bingham to McCord is attached hereto and incorporated by reference herein as Exhibit "G".

---

[1] This "internal document" was not produced in the subpoena request from the Debtor to UCB. It is a document produced by UCB, not an independent third party and the Debtor reserves the right to object to its validity.

16.     On May 5, 2011, United Community Bank filed its Notice of Rescheduling its Motion for Relief from Automatic Stay (DN. 73) setting the matter for hearing on March 20, 2011 at 10:10 a.m.

### III.     LEGAL AUTHORITY

**The Parties Reached an Agreement Regarding United Community Bank's Motion for Relief from the Automatic Stay and Are Bounds by the Terms Thereof.**

"The enforcement of settlement agreements is governed by Georgia state contract law. See Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985). Under Georgia law, an agreement in settlement of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract. Thus, there must be a meeting of the minds between the parties as to the terms of the contract. Assent to the terms of an agreement can be implied from the circumstances, and conduct inconsistent with a refusal of the terms raises a presumption of assent upon which the other party can rely.  See also Greenwald v. Kersh, 275 Ga. App. 724, 621 S.E.2d 465 (2005) ("the law also favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced"). A district court has the "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." (Citations Omitted) Earthlink, Inc. v. Pope, 2007 U.S. Dist. LEXIS 17599, 6-7 (N.D. Ga. Mar. 14, 2007)

In the instant proceeding UCB and the Debtor had a meeting of the minds regarding the resolution of UCB's Motion for Relief from the Automatic Stay.  The parties repeatedly confirmed that the Debtor would surrender the Memorial III Property for a credit from UCB in the amount of $2,000,000.00.  UCB presented Debtor with a signed Consent Order memorializing the terms of the agreement and the Debtor agreed to entry of the Consent Order. After UCB presented the Consent Order to the Debtor and the Debtor agreed to the exact terms of the Consent Order which UCB prepared and presented, UCB now seeks to re-neg on its agreement. The terms of the Consent Order should be enforced and entered by this Court. If the Court does not enforce the agreement which UCB made, additional litigation will result. The parties agreed to a valuation and resulting deficiency. The Debtor's estate

should not be saddled with additional risk and cost associated with further litigation. Debtor's estate should have the benefit of the fixed unsecured deficiency claim to which the parties agreed.

WHEREFORE, the Debtor respectfully requests that this Court: (a) enter the proposed Consent Order as negotiated and agreed to by the parties; (b) set this matter for hearing on May 20, 2011 to be contemporaneously heard with UCB's Motion for Relief from Automatic Stay; and (c) granting such other and further relief as is just and proper.

Submitted this 13th day of May, 2011

**JONES & WALDEN, LLC**

/s/ Cameron M. McCord
Cameron M. McCord
Georgia Bar No. 143065
Leon S. Jones
Georgia Bar No. 003980
21 Eighth Street
Atlanta, Georgia 30309
(404) 564-9300 Telephone
(404) 564-9301 Facsimile
ljones@joneswalden.com
cmccord@joneswalden.com

EXHIBIT "A"

# United States Bankruptcy Court
## Northern District of Georgia

In re
**FRANK B. FLANDERS, JR.**

**SUBPOENA IN A CASE UNDER**
**THE BANKRUPTCY CODE**

Debtor.

**Case No. 11-10364**
**Chapter 11**

To: **United Community Bank**
**c/o Ron C. Bingham, II**
**Stites & Harbison, PLLC**
**303 Peachtree Street NE**
**2800 SunTrust Plaza**
**Atlanta, Georgia 30308**

☐ **YOU ARE COMMANDED** to appear in the United States court at the place, date and time specified below to testify in the above proceeding.

| PLACE | COURTROOM |
|---|---|
| | |
| | **DATE AND TIME** |
| | |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above proceeding.

| PLACE | DATE AND TIME |
|---|---|
| | |
| | |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Exhibit "A."

| PLACE | DATE AND TIME |
|---|---|
| Jones & Walden, LLC<br>21 Eighth St NE<br>Atlanta, GA 30309 | Monday, March 21, 2011<br><br>12:00 P.M. |

Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in this proceeding by Rule 7030, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* Attorney In Fact | 3/14/11 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Cameron M. McCord, Esq., 21 Eighth Street, Atlanta, GA 30309 (404) 564-9300

## EXHIBIT "A" TO SUBPOENA

Any and all documents that evidence, reflect, refer, relate or pertain to any valuations or appraisals of property located at (a) Memorial Drive Phase III, 6200 - 6208, Stone Mountain GA 30083, (b) Memorial Outparcel, 3.5 Acres, Memorial Drive, Stone Mountain, GA 30083, or (c) Land Lots 43,44,55,56 and 57, 9th District of Fulton County (55 acres) including but not limited to, appraisal reports, drafts of appraisal reports, and tax assessments.

## DEFINITIONS

(i)      The term "document" in this Subpoena refers to tangible things which are in the possession, custody, or control of you or others acting on your behalf and means any tangible things from or on which information can be stored, recorded, processed, transmitted, inscribed or memorialized in any way, by any means, regardless of technology or form, including, but not limited to, letters, correspondence, papers, books, accounts, newspaper, magazine and journal articles, photographs, records, objects, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, interviews, conferences, other meetings, occurrences or transactions, writings, drawings, graphs, charts, affidavits, transcripts of depositions or hearings, statements, summaries, opinions, reports, tests, experiments, analyses, evaluations, contracts, agreements, ledgers, journals, books or records of accounts, receipts, summaries of accounts, balance sheets, income statements, financial statements, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound, video or other recordings, computer printouts, computer database, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and other data compilations from which information can be obtained or translated, if necessary, you through appropriate detection devices into reasonable usable form, and things similar to all the foregoing, however denominated, including but not limited to any appraisal report, or drafts of appraisal reports, furnished by Miller Real Estate Advisors, LLC. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of this Subpoena.

(ii)     The term "person" in this Subpoena includes natural persons, corporations, firms, partnerships, proprietorships, associations, LLC's, LLP's, LLLP's, and any and all other organizations and entities.

(iii)    The term "you" in this Subpeona means United Community Bank

EXHIBIT "B"

## Cameron McCord

**From:** Geer, Will [wgeer@stites.com]

**Sent:** Wednesday, April 06, 2011 10:10 AM

**To:** Cameron McCord

**Subject:** Frank Flanders C/O and Ellen Brooks

Cameron,

I just found out that the consent order was pulled. Apparently you and Ron discussed the Flanders C/O last week in regard to stipulating to a credit for a specific value to preserve the amount and allowance of an unsecured deficiency claim in the case so that we would not have to file a confirmation petition. As to Ellen Brooks, please let me know if you stipulate to stay relief so I can begin working on the consent order. Thanks, Cameron.

Best Regards,

**Will B. Geer**, *Attorney*
*Direct: (404) 739-8852*
*Fax: (404) 332-0293, wgeer@stites.com*



STITES & HARBISON PLLC

ATTORNEYS

About Stites & Harbison    Bio    V-Card

303 Peachtree Street, N.E.
2800 SunTrust Plaza | Atlanta, GA 30308

NOTICE: This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or disseminate this message or any attachment. If you have received this message in error, please call the sender immediately at (404) 739-8800 and delete all copies of the message and any attachment. Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute waiver of any applicable legal privilege.

EXHIBIT "C"

**Cameron McCord**

| | |
|---|---|
| **From:** | Geer, Will [wgeer@stites.com] |
| **Sent:** | Wednesday, April 06, 2011 1:47 PM |
| **To:** | Cameron McCord |

**Subject:** Re: Reset Ellen Brooks

Cameron,

I spoke with Ron and 2 million credit on the flanders property is acceptable. I will have a consent order over to you tomorrow. On the Brooks case, we cannot stipulate to a value right now because of the extensive damage since the appraisal. Unfortunately, I cannot get ahold of the client, so it may be tomorrow until I have information regarding reset.

Sent from my iPhone

On Apr 5, 2011, at 5:01 PM, "Cameron McCord" <CMcCord@joneswalden.com> wrote:

> Will,
> Please elaborate on the discussions you have had with the insurance company and what "kinks" you are referring to. Also, have you all uploaded the consent order in Frank's case?
>
> Cameron M. McCord, Esq.
> Jones & Walden, LLC
> 21 Eighth St, NE
> Atlanta, GA 30309
> (P) 404-564-9300
> (F) 404-564-9301
> cmccord@joneswalden.com
> NOTICE: THE INFORMATION CONTAINED IN THIS ELECTRONIC COMMUNICATION AND ANY DOCUMENTS ATTACHED HERETO MAY CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THE TRANSMISSION IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF ANY INFORMATION CONTAINED IN THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR REPLY BY E-MAIL AND DESTROY THIS TRANSMISSION. THANK YOU.
>
> **From:** Geer, Will [mailto:wgeer@stites.com]
> **Sent:** Tuesday, April 05, 2011 4:41 PM
> **To:** Cameron McCord
> **Cc:** Hardwick, Lianna
> **Subject:** Reset Ellen Brooks
>
> Cameron,
>
> I'd like to reset Ellen Brooks MLS out a few more weeks to give us a bit more time to work out some kinks with the insurance company. Are you opposed to that?
>
> Best Regards,
>
>
> **Will B. Geer,** *Attorney*

5/11/2011

*Direct: (404) 739-8852*
*Fax: (404) 332-0293, wgeer@stites.com*

# STITES & HARBISON PLLC
ATTORNEYS

About Stites & Harbison      Bio      V-Card

303 Peachtree Street, N.E.
2800 SunTrust Plaza | Atlanta, GA 30308

NOTICE: This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or disseminate this message or any attachment. If you have received this message in error, please call the sender immediately at (404) 739-8800 and delete all copies of the message and any attachment. Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute waiver of any applicable legal privilege.

EXHIBIT "D"

**Cameron McCord**

| | |
|---|---|
| **From:** | Geer, Will [wgeer@stites.com] |
| **Sent:** | Monday, April 25, 2011 1:22 PM |
| **To:** | Cameron McCord |
| **Subject:** | FW: Flanders |

Cameron,

Could I get your thoughts on the Flanders consent order? Again, $2 million credit, remaining to be filed as unsecured claim in the Flanders case alone, no requirement to confirm the sale.  On the Brooks consent order, where are we at as far as stipulating to a value on the Graham Road property?

---

**From:** Geer, Will
**Sent:** Thursday, April 21, 2011 1:57 PM
**To:** 'Cameron McCord'
**Subject:** RE: Flanders

Cameron,

After reading paragraph 24 of the security deed, it's pretty clear we won't be filing an unsecured claim in the Brooks case from the deficiency on the Memorial III. As for the consent order, $2 million credit, unsecured claim for the remainder (around 76k) in Flanders case and no requirement to confirm the sale. I need your confirmation on this before I run it by my contact at the bank.  Thanks, Cameron.

---

**From:** Cameron McCord [mailto:CMcCord@joneswalden.com]
**Sent:** Wednesday, April 20, 2011 10:47 AM
**To:** Geer, Will; Bingham, Ron
**Subject:** Flanders

Will & Ron,
Where are we on the consent order for Flanders - I think it has been almost a month?

Cameron M. McCord, Esq.
Jones & Walden, LLC
21 Eighth St, NE
Atlanta, GA 30309
(P) 404-564-9300
(F) 404-564-9301
cmccord@joneswalden.com
NOTICE: THE INFORMATION CONTAINED IN THIS ELECTRONIC COMMUNICATION AND ANY DOCUMENTS ATTACHED HERETO MAY CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THE TRANSMISSION IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF ANY INFORMATION CONTAINED IN THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR REPLY BY E-MAIL AND DESTROY THIS TRANSMISSION. THANK YOU.

EXHIBIT "E"

**Cameron McCord**

| | |
|---|---|
| **From:** | Geer, Will [wgeer@stites.com] |
| **Sent:** | Monday, April 25, 2011 5:17 PM |
| **To:** | Cameron McCord |
| **Subject:** | RE: Flanders |

**Attachments:** order_lifting_stay_ucb_frank_flanders.DOC

Cameron,

Here is the revised order.  Let me know.  I'll get back with you on the Ellen Brooks matter.

---

**From:** Cameron McCord [mailto:CMcCord@joneswalden.com]
**Sent:** Monday, April 25, 2011 5:13 PM
**To:** Geer, Will
**Subject:** RE: Flanders

Will,
You have not sent me the redrafted consent order and on Brooks,  I spoke with the insurance agent and he said there would be 600 - 800 in work done on the property so the value would be closer to $2,000,000.00.
Cameron

Cameron M. McCord, Esq.
Jones & Walden, LLC
21 Eighth St, NE
Atlanta, GA 30309
(P) 404-564-9300
(F) 404-564-9301
cmccord@joneswalden.com
NOTICE: THE INFORMATION CONTAINED IN THIS ELECTRONIC COMMUNICATION AND ANY DOCUMENTS
ATTACHED HERETO MAY CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED AND IS
INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THE TRANSMISSION IS ADDRESSED. IF YOU ARE NOT
THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED
RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF ANY
INFORMATION CONTAINED IN THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR REPLY BY E-MAIL AND
DESTROY THIS TRANSMISSION. THANK YOU.

---

**From:** Geer, Will [mailto:wgeer@stites.com]
**Sent:** Monday, April 25, 2011 1:22 PM
**To:** Cameron McCord
**Subject:** FW: Flanders

Cameron,

Could I get your thoughts on the Flanders consent order? Again, $2 million credit, remaining to be filed as unsecured claim in the Flanders case alone, no requirement to confirm the sale.  On the Brooks consent order, where are we at as far as stipulating to a value on the Graham Road property?

5/12/2011

**From:** Geer, Will
**Sent:** Thursday, April 21, 2011 1:57 PM
**To:** 'Cameron McCord'
**Subject:** RE: Flanders

Cameron,

After reading paragraph 24 of the security deed, it's pretty clear we won't be filing an unsecured claim in the
Brooks case from the deficiency on the Memorial III. As for the consent order, $2 million credit, unsecured claim
for the remainder (around 76k) in Flanders case and no requirement to confirm the sale. I need your confirmation
on this before I run it by my contact at the bank.  Thanks, Cameron.

---

**From:** Cameron McCord [mailto:CMcCord@joneswalden.com]
**Sent:** Wednesday, April 20, 2011 10:47 AM
**To:** Geer, Will; Bingham, Ron
**Subject:** Flanders

Will & Ron,
Where are we on the consent order for Flanders - I think it has been almost a month?

Cameron M. McCord, Esq.
Jones & Walden, LLC
21 Eighth St, NE
Atlanta, GA 30309
(P) 404-564-9300
(F) 404-564-9301
cmccord@joneswalden.com

NOTICE: THE INFORMATION CONTAINED IN THIS ELECTRONIC COMMUNICATION AND ANY DOCUMENTS ATTACHED
HERETO MAY CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED AND IS INTENDED ONLY FOR THE USE
OF THE INDIVIDUAL TO WHOM THE TRANSMISSION IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE
PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF ANY INFORMATION CONTAINED IN THIS TRANSMISSION IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY
TELEPHONE OR REPLY BY E-MAIL AND DESTROY THIS TRANSMISSION. THANK YOU.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| FRANK B. FLANDERS, JR., | § | CASE NO. 11-10364-WHD |
| | § | |
| Debtor. | § | |
| | § | |
| _____ | § | |
| | § | |
| UNITED COMMUNITY BANK, AS | § | CONTESTED MATTER |
| SUCCESSOR THROUGH RECEIVERSHIP | § | |
| TO SOUTHERN COMMUNITY BANK, | § | |
| | § | |
| Movant, | § | |
| | § | |
| vs. | § | |
| | § | |
| FRANK B. FLANDERS, JR., | § | |
| | § | |
| Respondent. | § | |

## CONSENT ORDER LIFTING AUTOMATIC STAY

IT APPEARING that UNITED COMMUNITY BANK, AS SUCCESSOR THROUGH

RECEIVERSHIP TO SOUTHERN COMMUNITY BANK ("UCB") contends it retains a

security interest in certain real property more commonly known as 6200 Memorial Drive, Stone

Mountain, Georgia (the "Collateral") by virtue of a Promissory Note and Deed to Secure Debt and Assignment of Rent (collectively, the "Security Agreement"); and

IT APPEARING that FRANK B. FLANDERS, JR. (the "Debtor") filed for relief under Chapter 11 of Title 11 of the United States Code on February 1, 2011 (the "Petition Date"); and

IT APPEARING that UCB filed a Motion to Lift the Automatic Stay and the hearing on the Motion came before this Court as scheduled on March 25, 2011; and

IT APPEARING that UCB contends that the Debtor has failed to make payments to UCB and the Security Agreement is in default; and

IT APPEARING that UCB contends the Collateral is of inconsequential value and is burdensome to the estate; and

IT APPEARING that the Debtor and Debtor's counsel do not oppose the relief requested in the Motion and the parties agree that UCB shall commence foreclosure proceedings as to the Collateral within sixty (60) days of the entry of this Consent Order; and

IT APPEARING that the Debtor shall receive a credit in the amount of $2,000,000.00 to be applied to the indebtedness owed under the Security Agreement; and

IT APPEARING that UCB shall have an unsecured claim in the amount of $76,774.13 with said claim to be allowed in this case as a general unsecured claim to be paid pro-rata with all other allowed general unsecured claims; and

IT APPEARING that UCB's unsecured claim in the amount of $76,744.13 shall be allowed without confirming the foreclosure sale and the Debtor agrees not to object to allowance of the claim on said basis; it is hereby

ORDERED, ADJUDGED AND DECREED that the agreement of the parties is made Order of this Court. The automatic stay pursuant to 11 U.S.C. § 362 is terminated as to the Collateral and the 14-day requirement pursuant to F.R.B.P. 4001(a)(3) is hereby waived. UCB

may exercise its rights to repossess/foreclose and dispose of the Collateral in accordance with State law and the terms of the Security Agreement, including, but not limited to sending all notices and demands required by State law or the Security Agreement, accelerating the indebtedness, publishing the legal notice of sale in the county legal organ in which the property is situated, selling the subject property on the courthouse steps of the county in which the property is situated to the highest bidder pursuant to the non-judicial sale provisions contained in the Security Agreement, executing and delivering a Deed Under Power of Sale to the successful bidder at the foreclosure sale, accepting from the Debtor a Deed in lieu of foreclosure and filing an application confirming such foreclosure sale in a Court of competent jurisdiction pursuant to O.C.G.A. § 44-14-161, *et seq.*

END OF DOCUMENT

Prepared and Submitted by:

/s/ Ron C. Bingham, II
RON C. BINGHAM, II
GA State Bar No. 057240
STITES & HARBISON, PLLC
303 Peachtree Street, Suite 2800
Atlanta, Georgia 30308
Telephone: (404) 739-8800
Facsimile: (404) 739-8870
Email: rbingham@stites.com
Attorneys for United Community Bank

Consented to by:

/s/ Cameron M. McCord
CAMERON M. MCCORD
GA State Bar No. 143065
(by Ron C. Bingham, II w/express permission)
JONES & WALDEN, LLC
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300
Attorneys for the Debtor

IN RE:  FRANK B. FLANDERS, JR.
        Chapter 11 Case No. 11-10364-WHD

<u>IDENTIFICATION OF PARTIES TO BE SERVED</u>

Pursuant to B.L.R. 9013-2(b), the following is a list of the names and addresses of the

parties to be served with a copy of the foregoing Order:

<u>DEBTOR</u>:                    Frank B. Flanders, Jr.
                              448 Lee's Lake Rd.
                              Fayetteville, Georgia 30214

<u>DEBTOR'S ATTORNEY</u>:        Cameron M. McCord, Esq.
                              21 Eighth Street, NE
                              Atlanta, Georgia 30309

<u>U.S. TRUSTEE</u>:             R. Jeneane Treace, Esq.
                              Office of the U.S. Trustee
                              75 Spring Street, SW
                              362 Russell Federal Bldg.
                              Atlanta, Georgia 30303

<u>MOVANT'S ATTORNEY</u>:        Ron C. Bingham, II, Esq.
                              Stites & Harbison, PLLC
                              303 Peachtree Street
                              2800 SunTrust Plaza
                              Atlanta, Georgia  30308

EXHIBIT "F"

**Cameron McCord**

---

**From:** Cameron McCord
**Sent:** Thursday, April 28, 2011 11:44 AM
**To:** 'Geer, Will'
**Subject:** RE: Flanders

Will,
This order looks fine to me.

Cameron M. McCord, Esq.
Jones & Walden, LLC
21 Eighth St, NE
Atlanta, GA 30309
(P) 404-564-9300
(F) 404-564-9301
cmccord@joneswalden.com
NOTICE: THE INFORMATION CONTAINED IN THIS ELECTRONIC COMMUNICATION AND ANY DOCUMENTS
ATTACHED HERETO MAY CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED AND IS
INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THE TRANSMISSION IS ADDRESSED. IF YOU ARE NOT
THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED
RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF ANY
INFORMATION CONTAINED IN THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR REPLY BY E-MAIL AND
DESTROY THIS TRANSMISSION. THANK YOU.

---

**From:** Geer, Will [mailto:wgeer@stites.com]
**Sent:** Monday, April 25, 2011 5:17 PM
**To:** Cameron McCord
**Subject:** RE: Flanders

Cameron,

Here is the revised order. Let me know. I'll get back with you on the Ellen Brooks matter.

---

**From:** Cameron McCord [mailto:CMcCord@joneswalden.com]
**Sent:** Monday, April 25, 2011 5:13 PM
**To:** Geer, Will
**Subject:** RE: Flanders

Will,
You have not sent me the redrafted consent order and on Brooks, I spoke with the insurance agent and
he said there would be 600 - 800 in work done on the property so the value would be closer to
$2,000,000.00.
Cameron

Cameron M. McCord, Esq.
Jones & Walden, LLC
21 Eighth St, NE
Atlanta, GA 30309
(P) 404-564-9300
(F) 404-564-9301
cmccord@joneswalden.com
NOTICE: THE INFORMATION CONTAINED IN THIS ELECTRONIC COMMUNICATION AND ANY DOCUMENTS

ATTACHED HERETO MAY CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED AND IS INTENDED ONLY
FOR THE USE OF THE INDIVIDUAL TO WHOM THE TRANSMISSION IS ADDRESSED. IF YOU ARE NOT THE INTENDED
RECIPIENT, OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, YOU ARE
HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF ANY INFORMATION CONTAINED IN THIS
TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY
NOTIFY THE SENDER BY TELEPHONE OR REPLY BY E-MAIL AND DESTROY THIS TRANSMISSION. THANK YOU.

**From:** Geer, Will [mailto:wgeer@stites.com]
**Sent:** Monday, April 25, 2011 1:22 PM
**To:** Cameron McCord
**Subject:** FW: Flanders

Cameron,

Could I get your thoughts on the Flanders consent order? Again, $2 million credit, remaining to be filed as
unsecured claim in the Flanders case alone, no requirement to confirm the sale.  On the Brooks consent order,
where are we at as far as stipulating to a value on the Graham Road property?

**From:** Geer, Will
**Sent:** Thursday, April 21, 2011 1:57 PM
**To:** 'Cameron McCord'
**Subject:** RE: Flanders

Cameron,

After reading paragraph 24 of the security deed, it's pretty clear we won't be filing an unsecured claim in the
Brooks case from the deficiency on the Memorial III. As for the consent order, $2 million credit, unsecured claim
for the remainder (around 76k) in Flanders case and no requirement to confirm the sale. I need your confirmation
on this before I run it by my contact at the bank.  Thanks, Cameron.

**From:** Cameron McCord [mailto:CMcCord@joneswalden.com]
**Sent:** Wednesday, April 20, 2011 10:47 AM
**To:** Geer, Will; Bingham, Ron
**Subject:** Flanders

Will & Ron,
Where are we on the consent order for Flanders - I think it has been almost a month?

Cameron M. McCord, Esq.
Jones & Walden, LLC
21 Eighth St, NE
Atlanta, GA 30309
(P) 404-564-9300
(F) 404-564-9301
cmccord@joneswalden.com
NOTICE: THE INFORMATION CONTAINED IN THIS ELECTRONIC COMMUNICATION AND ANY DOCUMENTS ATTACHED
HERETO MAY CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED AND IS INTENDED ONLY FOR THE USE
OF THE INDIVIDUAL TO WHOM THE TRANSMISSION IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE
PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF ANY INFORMATION CONTAINED IN THIS TRANSMISSION IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY

5/12/2011

TELEPHONE OR REPLY BY E-MAIL AND DESTROY THIS TRANSMISSION. THANK YOU.

EXHIBIT "G"

## Cameron McCord

| | |
|---|---|
| **From:** | Bingham, Ron [rbingham@stites.com] |
| **Sent:** | Monday, May 02, 2011 11:28 AM |
| **To:** | Cameron McCord |
| **Subject:** | UCB/Frank Flanders - 6200 Memorial Drive |

**Attachments:** 2010-466 Review of Memorial Center 6200 Memorial Dr Stone Mountain DeKalb County GA.pdf;
2010-466 Revised Memorial Center Memorial Drive Stn Mtn GA II.pdf

Cameron:

Attached you will find the September 2010 appraisal and a Review Appraisal dated November 2010 for
Frank's property.  You will see that the November value is 1.3MM.  The bank hasn't obtained another
appraisal, but is certain the value hasn't increased based on rent rolls obtained in the bankruptcy.

We need to get this property advertised.  I cannot stip to 2MM, but can to 1.3MM.  If I recall correctly, you
don't oppose stay relief as there is no basis for same, but you wanted a 'credit' for the value.  In exchange
for stipulating to a credit, I suggested that the Consent Order provide that UCB has an unsecured claim
for the balance without confirming the sale.  This arrangement was acceptable to both if the 'credit' was
agreeable.  1.3MM is all that I can give.  Again, if we had to update the number, UCB feels strongly that it
would be less now.  Absent an agreement, we will simply confirm the sale.  What are your thoughts?

**Ron C. Bingham II**, *Member*
*Direct: (404) 739-8836*
*Fax: (404) 332-0235, rbingham@stites.com*

## STITES & HARBISON PLLC
A T T O R N E Y S



303 Peachtree Street, N.E.
2800 SunTrust Plaza | Atlanta, GA 30308

NOTICE: This message is intended only for the addressee and may contain information that is privileged,
confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or
disseminate this message or any attachment. If you have received this message in error, please call the
sender immediately at (404) 739-8800 and delete all copies of the message and any attachment. Neither the
transmission of this message or any attachment, nor any error in transmission or misdelivery shall
constitute waiver of any applicable legal privilege.

2010-466 (Memorial Center, 6200 Memorial Dr., Stone Mountain, DeKalb County, GA)



November 7, 2010                                    2010-466

Internal Memorandum

Mr. Michael Gayles
United Community Banks
525 N. Jeff Davis Drive
Fayetteville, Georgia 30214

Frank B. Flanders, Jr -Owner

Appraisal Review of Memorial Center, 6200-6208 Memorial Drive, Stone Mountain,
DeKalb County, GA.

I have reviewed an appraisal report of the above captioned property.  The purpose of the
review has been to render an opinion of the completeness, adequacy, relevance,
appropriateness, and reasonableness of the work and value conclusion, relative to USPAP
requirements, bank requirements and the applicable state and federal regulations.

The intended use of the review is to aid United Community Banks, Inc. its affiliates and
participants, government/non-governmental agencies, legal counsel or other transaction
parties.

## Subject of Appraisal Review
Reviewed is an appraisal of the Memorial Center shopping center, Stone Mountain,
DeKalb County, Georgia.  The property is further identified as a 71,083 square foot
shopping center situated on a 7.9 acre site and located at 6200-6208 Memorial Drive,
Stone Mountain, DeKalb County, GA.

 The appraisers are Andrew J. Robinson, Vice President, and Ronald A. Neyhart, MAI, of
CB Richard Ellis, Atlanta, GA. The date of the appraisal is September 9, 2010.  The date
of the report is September 9, 2010. **Market value "As Is" of the Leased Fee Interest is
Two Million Dollars ($2,000,000).**

## Scope of the review
The scope of the review included reading and analysis of the appraisal report.  Contents
of the appraiser's work file were not reviewed.

The date of the review is November 7, 2010.

2010-466 (Memorial Center, 6200 Memorial Dr., Stone Mountain, DeKalb County, GA)

## Review Conclusion

In the reviewer's opinion, the analysis and reasoning contained within the revised appraisal report do not provide reasonable support for the concluded leased fee value as presented therein.

The report meets the reporting requirements for a federally related transaction.

The data is considered relevant and appropriate. Adjustments thereto do not appear reasonable.

The appraisal methods and techniques are not considered appropriate.

The analysis, opinions and conclusions are not supported by the market data.

Based on my review, the leased fee value estimate contained within the appraisal report is not accepted.

### Review Comments

**[The appraiser provided a revised report addressing those review comments as stated below].**

1-Revist land value (as we discussed)
Appraiser Response: Was considered in revised report.

2-Consider stabilizing the collected rental income based on competent management (as we discussed, this could be an Extraordinary Assumption)
Appraiser Response: Was considered in the revised report.

3-Do you know the age/condition of the roof?
Appraiser Response: No response was provided by appraiser.

4-In the Market Overview, Pg 30, you state that the Atlanta retail market has remained strong over the recent past and continues to thrive. Is this an accurate statement?
Appraiser Response: Appraiser addressed this.

5-The Tax charts on pages 55 and 82 don't seem consistent?
Appraiser Response: Appraiser addressed this.

6- Pg 71 adjustment chart, would a locational adjustment be appropriate for Holcomb Bridge VS Memorial Drive? Also, what about a Parking adjustment since the subject has a low parking ratio?
Appraiser Response: Appraiser did not respond.

2010-466 (Memorial Center, 6200 Memorial Dr., Stone Mountain, DeKalb County, GA)

7- Pg 73 "Summary of Comparable Retail Rentals chart actually shows lease comps (1 and 2) that are now expired?
Appraiser Response: Appraiser addressed this.

8- As we discussed, the H&B Use should discuss the land value in relation to total property value whereby it is apparent the improvements are more of an interim use. Appraiser Response: Appraiser addressed this. (Note: Appraiser acknowledges the concluded land value at $1,250,000 approaches the concluded property value at $2,000,000 and that this may imply long term redevelopment is likely without considerable capital improvements and upon improved market conditions). It is noted that the appraiser's original value conclusion was $1,400,000, and this may be the reason for his saying the land value approaches the concluded property value.

After reviewing the revised report, this reviewer rejects the final value conclusion. Based on the data provided within the appraisal report, the reviewer believes the following:

-the initial appraisal report concluded to the Sales Approach at $1,400,000, which was the same as the land value estimate. The Income Approach was at $550,000 based on reported income in place. The appraiser explained that the Income Approach had incomplete rental and expense data, but this was not a major factor since the market relies on the Sales Approach. Further, the appraiser stated the value conclusion is in line with the underlying land value, and therefore there is no contributory value to the existing improvements. The reviewer does not agree with this.

-The revised report concluded to a value of $2,000,000, yet the Sales Approach was at $1,500,000 and the Income Approach was at $2,050,000. Land value was estimated at $1,250,000. The Income Approach was revised to consider the Extraordinary Assumption that subject property is collecting 100% of its contractual income. The reviewer believes that based on the quality of the tenants, it may be more appropriate to have considered the subject collecting something less than 100%. This would have resulted in a lower value by the Income Approach, possibly something more in line with the Sales Approach.

-The reviewer believes that based on the data presented, the underlying land value, estimated at $1,250,000 ($3.50/SF - $4.00/SF), may be high, and that a more appropriate land value would be about $1,100,000 ($3.20/SF). The subject has very limited visibility from street frontage (mostly blocked by an existing commercial structure (used car lot) and small cemetery that is slightly elevated above street level. Further, the subject is located at the far northeastern end of the Memorial Drive commercial corridor where there is less concentration of commercial development, particularly any newer development.

-Overall, the reviewer believes that it would be more reasonable to rely on land value plus the value contribution of the interim use of improvements. It is believed that given current market conditions, an interim use of the existing improvements would allow for a holding period of say 4-6 years, or a five year average. The NOI based on the appraisers

2010-466 (Memorial Center, 6200 Memorial Dr., Stone Mountain, DeKalb County, GA)

---

estimated income/expenses as per the limited operating data provided was estimated at
$59,790.  Allowing for a five year interim holding period, NOI of $60,000/Yr and a
present value risk rate of about 15%, the market value as modified is as follows:

| | |
|---|---|
| Land Value: | $1,100,000 |
| PV of Interim Income: | $ 200,000 |
| Total- | $1,300,000 |

It is noted that the NOI and Land Value are assumed to stay flat during the interim
holding period.

Please feel free to call if you have questions or concerns.

Wallace White

Wallace E. White, MAI
404-697-5162
Georgia Certified General Real Property Appraiser #1227

2010-466 (Memorial Center, 6200 Memorial Dr., Stone Mountain, DeKalb County, GA)

_____

ASSUMPTIONS & LIMITING CONDITIONS

The review, and value modification, if any, is made subject to the following assumptions and limiting conditions:

1.    The data relied upon in the review regarding the subject and the comparables came from third-party vendor sources and was corroborated by a second vendor source. No steps were taken to directly verify or validate the subject or the comparables.

2.    The information contained in the reviewed Appraisal or upon which the Appraisal is based has been gathered from sources the Reviewer assumes to be reliable and accurate. The Reviewer is not responsible for the accuracy or completeness of such information, including the correctness of estimates, opinions, dimensions, sketches, exhibits and factual matters.

3.    Only the client and other intended users are authorized to rely on this report. Other parties are not authorized to rely upon this report, including a buyer, investor, a mortgage insurer (if any) or any government agency.

4.    If the review appraiser expresses an opinion of value the user of the review should be aware of statements 1 and 2 above. The review appraiser accepts the ability of the vendor to provide accurate data regarding factual matters such as sales prices, rents, land sales and prices and other data pertinent to the value conclusions. Unless stated otherwise, the review appraiser, when modifying value estimates, has not accepted vendor's use, application or interpretation of such data.

5.    The opinion of value is only as of the date stated in the reviewed Appraisal. Changes since that date in external and market factors or in the property itself can significantly affect property value.

6.    The review shall only be used in conjunction with the reviewed appraisal report. The Appraisal review may not be used by any person other than the party to whom it is addressed or for purposes other than that for which it was prepared.

2010-466 (Memorial Center, 6200 Memorial Dr., Stone Mountain, DeKalb County, GA)

---

Certification of the Reviewer

I certify that, to the best of my knowledge and belief:

The facts and data reported by the reviewer and used in the review process are true and correct.

The analyses, opinions, and conclusions in this review report are limited only by the assumptions and limiting conditions stated in this review report and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.

I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.

I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

My engagement in this assignment was not contingent upon developing or reporting predetermined results.

My compensation is not contingent on an action or event resulting from the analyses, opinions, or conclusions in this review or from its use.

My analyses, opinions, and conclusions were developed and this review report was prepared in conformity with the *Uniform Standards of Professional Appraisal Practice.*

I did not make an inspection of the subject property of the work under review.

No one provided significant real or personal property appraisal or appraisal review assistance to the person signing this certification.

The reported analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the requirements of the Code of Professional Ethics and the Standards of Professional Practice of the Appraisal Institute.

The use of this report is subject to the requirements of the Appraisal Institute relating to review by its duly authorized representatives.

As of the date of this report, I have completed the requirements of the continuing education program of the Appraisal Institute.

*Wallace White*

Wallace E. White, MAI
Georgia Certified General Real Property Appraiser #1227

6